UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHRISTOPHER LEE, | ) C/A No. 4:12-2547-DCN-TER |
| Plaintiff, | ) |
| vs. | ) |
| | ) REPORT AND |
| VICTOR LORANTH, | ) RECOMMENDATION |
| Defendant. | ) |

### I. PROCEDURAL BACKGROUND

The Plaintiff, Christopher Lee, proceeding *pro se*, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)[1] on September 6, 2012. Plaintiff is a federal prisoner housed in the Williamsburg Federal Correctional Institution. Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment on January 29, 2013. (Doc. #24). Because Plaintiff is proceeding *pro se*, she was advised on or about January 30, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendant's motion could result in dismissal of his complaint. The Plaintiff filed a response in opposition on February 13, 2013. (Docs.#29 and #30).

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## II.  DISCUSSION

### A.  STANDARD FOR SUMMARY JUDGMENT

As previously stated, the Defendant filed a motion to dismiss, or alternatively for summary judgment. As matters outside of the pleadings were submitted by the parties, the undersigned will treat this motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-

moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

### B. ARGUMENT OF PARTIES/ANALYSIS

Plaintiff alleges a violation of his constitutional rights based on deliberate indifference to his medical needs. Plaintiff asserts that he had two surgeries on his left index finger while in federal custody. However, he alleges that he was denied therapy after both surgeries, leaving his finger deformed. Plaintiff contends that since arriving at Williamsburg-FCI, the Defendant medical doctor has denied him the necessary surgery and physical therapy. Plaintiff seeks monetary damages, that he be allowed surgery and physical therapy, and requests that the doctor be suspended.

Defendant concedes that Plaintiff has exhausted his administrative remedies with regard to the issue set forth in this action. Defendants argue they are entitled to summary judgment based on Plaintiff's failure to state a claim and qualified immunity.

Defendants submitted the declaration of Victor Loranth who states that he is employed by the Department of Justice, Federal Bureau of Prisons, Federal Correctional Institution Williamsburg as the Clinical director. (Loranth declaration, def.'s exhibit #4). Loranth asserts that as the clinical Director, he functions as the primary physician to the inmates confined at Williamsburg-FCI and has access to their medical records. (Id.).[2] Records reveal that during Plaintiff's initial medical screening when he arrived at his first designated BOP institution on September 20, 2001, he advised staff of a prior fracture to the second digit of his left hand that occurred in 2000. (Id.). Plaintiff stated he had surgery to fix the fracture while at a county facility and indicated he was not in BOP custody at the time of his injury, surgery, or post-surgical care. (Id.). Plaintiff was seen by different Orthopaedists several times throughout his federal incarceration and was provided various dynamic splints and physical therapy in an effort to resolve his range of motion problems. (Id.). Plaintiff was also provided pain medication when indicated. (Id.). In 2007, while housed at the United States Penitentiary in Atwater, California, Plaintiff was seen by an Orthopedist who recommended surgery to remove the three screws in his finger which was done in July 2007. (Id.). During the surgery, the doctor noted significant adherence in the flexor and extensor tendons which were released to allow greater range of motion. (Id.). The surgeon noted fairly significant residual ankylosis of the distal interphalangeal joint. (Id.). Plaintiff was seen monthly by the surgeon who recommended dynamic splinting, but no physical therapy. (Id.). Plaintiff arrived at FCI Williamsburg on October 24, 2008, and was seen by the consulting Orthopaedist on June 23, 2009, who determined Plaintiff suffered

---

[2] A copy of Plaintiff's medical records were attached to the Defendant's motion for summary judgment.

from arthrofibrosis in the left index proximal interphalangeal and distal interphalangeal joint. (Id.). The Orthopaedist recommended symptomatic relief for pain and noted that he did not recommend additional surgery or physical therapy. (Id.). Plaintiff was seen in sick call on January 5, 2010, with complaints of pain and stiffness in the left PIP joint for which he was referred to the commissary to purchase over-the-counter medications for pain. (Id.). On June 22, 2010, Plaintiff reported to sick call again seeking surgery and physical therapy for his left index finger complaining of pain at a level 8 on a scale of 0 to 10. (Id.). The staff explained to Plaintiff that the Orthopaedist determined he was not a candidate for surgery. (Id.). On June 14, 2012, the medical staff requested a follow-up orthopaedic consult for Plaintiff, and x-rays were taken on July 11, 2012, of his left index finger. (Id.). Plaintiff was seen by the Orthopaedist on July 13, 2012, who reviewed the x-rays and examined Plaintiff's index finger. (Id.). The consultant determined that Plaintiff had traumatic arthropathy of the PIP joint, left finger with osteoarthrosis. (Id.). The Orthopaedist recommended arthrodesis (joint fusion surgery), but Plaintiff stated he was not interested in this procedure. (Id.). Therefore, the Orthopaedist recommended that Plaintiff see a hand specialist, who may recommend other options other than joint fusion surgery. (Id.). A consult referral to a hand specialist was submitted and approved and Plaintiff was scheduled for the evaluation in February 2013.(Id.). Loranth asserts that Plaintiff does not suffer from a serious medical need, the medical records show that a physician has not mandated a certain treatment for Plaintiff's left index finger, and he does not have a condition that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.(Id.). Loranth states that the medical records show that he has never examined Plaintiff but that he has reviewed and signed several clinical encounter notes of medical staff who have examined Plaintiff. (Id.). Since he arrived at FCI-Williamsburg in October 2008, Plaintiff has only complained twice to medical staff about pain in his left index finger. (Id.). Loranth asserts that he has not intentionally or unintentionally denied or interfered with Plaintiff's constitutional rights

and never denied or ignored Plaintiff's medical needs. (Id.). Plaintiff has been provided adequate medical care in regard to his left index finger.(Id.).

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 173, (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted)

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> . . . a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of

Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990).  In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citation omitted), . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.  Unless medical needs were serious or life threatening, and the Defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail.  Estelle, supra; Farmer v. Brennan, 511 U.S. 825 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Further, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, supra.  Negligence, in general, is not actionable under 42 U.S.C. § 1983.  See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94  (4th Cir.1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) (applying  Daniels vs. Williams  and Ruefly v. Landon: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct."). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law.  DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-03 (1989).  Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, supra, at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") See also Brooks v. Celeste, F. 3d 125 (6th Cir. 1994) (Although several courts prior to the Supreme Court's decision in Farmer v. Brennan, supra, held that "repeated acts of negligence could by themselves constitute deliberate indifference, Farmer teaches otherwise."); Sellers v. Henman, 41 F.3d 1100, 1103 (7th Cir. 1994) ("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty

7

of deliberate indifference."); White v. Napoleon, 897 F.2d 103, 108-109 (3rd Cir. 1990); and Smart v. Villar, 547 F.2d 114 (10th Cir. 1976) (affirming summary dismissal).

As held in Estelle, 429 U.S. at 107, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even if Plaintiff's allegations are true, he has shown nothing more than a disagreement with the medical treatment provided, not that he was completely denied medical treatment. Additionally, Plaintiff has failed to show that he had a serious medical need of which Defendant knew about and consciously ignored. Plaintiff has not shown that any conduct by the Defendant "shocks the conscious" as required by Miltier v. Beorn, supra. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice" Jackson v. Fair, supra. The type and amount of medical care is left to the discretion of prison officials as long as medical care is provided. Brown v. Thompson, supra. Any disagreement between an inmate and medical personnel generally fails to state a claim. Although there is nothing to indicate that there were mistakes of medical judgment, even if shown, mistakes of medical judgement are not subject to judicial review in a § 1983 action. Russell v.Sheffer, supra.

Based on the evidence presented, there has been no deliberate indifference shown to the overall medical needs of the Plaintiff. Plaintiff has been seen by the medical staff, received x-rays, seen by Orthopaedists in regard to his finger, stated he did not want the treatment option of joint fusion surgery recommended by the Orthopedist in July 2012, and was approved to see a hand specialist for another evaluation and recommendation. For the above stated reasons, summary judgment should be granted in favor of Defendant on this issue.

## C. QUALIFIED IMMUNITY

Defendant argues that federal government officials performing discretionary functions are entitled to qualified immunity. When a person is sued in his individual capacity, the court may consider whether that person is entitled to immunity from suit.

Once raised, immunity is a threshold issue, which should be addressed early in the action because if it can be shown to be a valid defense, the Defendant is entitled to dismissal or summary judgment.

> The doctrine of qualified immunity attempts to reconcile two potentially conflicting principles: the need to deter government officials from violating an individual's federal civil rights and the need for government officials to act decisively without undue fear of judicial second guessing.

Akers v. Caperton, 998 F.2d 220, 225-26 (4th Cir. 1993).

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether Defendant is protected by this immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

In a discussion of qualified immunity, the Court of Appeals for the Fourth Circuit stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such,

9

> if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994) (internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, the Plaintiff fails to show that the Defendant violated any of his clearly established constitutional or statutory rights. However, even if there was a violation, Defendant is entitled to qualified immunity. Thus, the undersigned recommends that summary judgment be granted as to this Defendant.

### D. PRELIMINARY INJUNCTION

As part of his relief, Plaintiff requests that the Defendant be suspended, surgery to remove the scar tissue for his left index finger, and physical therapy to correct the deformity. Defendant argues that the requested injunction should not be issued.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 129, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) All four requirements must be met. Id.

Plaintiff fails to make the requisite showing. Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997). As discussed above, it is recommended that Defendant's motion for summary judgment be granted so that Plaintiff failed to make the requisite showing of likelihood

of success on the merits.       As Plaintiff has failed to meet the <u>Winter</u> factors, it is recommended that this request be denied.

### III.  CONCLUSION

The Plaintiff has failed to show that the Defendant violated any of his constitutional or statutory rights under 42 U.S.C. § 1983.  It is therefore, for the reasons stated herein,

RECOMMENDED that the motion filed by Defendant Loranth (document #24) for summary judgment be GRANTED IN ITS ENTIRETY and the case dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April <u>24</u>, 2013
Florence, South Carolina

The parties' attention is directed to the important notice on the next page.