# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| CHRISTOPHER LEE, ) | |
| ) | No. 4:12-cv-02547-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DR. VICTOR LORANTH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court upon the magistrate judge's recommendation that defendant's motion for summary judgment be granted because plaintiff fails to establish a violation of his constitutional rights under 42 U.S.C. § 1983. For the reasons set forth below, the court grants defendant's motion for summary judgment.

## I.   BACKGROUND

On September 6, 2012, plaintiff Christopher Lee, a federal prisoner proceeding pro se, filed this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). He alleges that defendant Dr. Victor Loranth, the Clinical Director at Williamsburg Federal Correctional Institute (FCI Williamsburg), violated his constitutional rights by denying his requests for surgery and/or physical therapy. Compl. 2.

On January 29, 2013, defendant filed a motion to dismiss, or in the alternative, for summary judgment. Plaintiff filed a response in opposition on February 11, 2013. On April 24, 2013, Magistrate Judge Thomas Rogers, III filed a report and recommendation (R&R), recommending that the court grant summary judgment. Plaintiff filed objections on May 6, 2013.

In 2000, Lee underwent surgery to correct a fracture on his left-hand index finger.[1]  R&R 4.  On September 20, 2001, he arrived at his first Bureau of Prisons (BOP) institution and immediately advised BOP medical personnel of his prior surgery.  Id.  Subsequently, orthopedists examined and treated him with various splints, pain medication, and therapy aimed at improving his finger's range of motion.  Id.  In 2007, while incarcerated in California, plaintiff received a second surgery to remove three screws previously placed in his hand.  Id.  Monthly visits with the orthopedic surgeon followed, who recommended dynamic splinting without physical therapy.  Id.

Plaintiff arrived at FCI Williamsburg on October 24, 2008, and was examined by orthopedic consultant Dr. Woodbury on June 23, 2009.  Id.  Dr. Woodbury determined defendant suffered from arthrofibrosis in both the left index proximal interphalangeal and distal interphalangeal joint and recommended symptomatic relief for pain but not additional surgery or physical therapy.  Id.  Plaintiff reported to sick call on two subsequent occasions in an attempt to receive physical therapy or surgery, but medical staff prescribed over-the-counter medication and reminded him that an orthopedist determined he did not need surgery.  Id.

On June 14, 2012, FCI Williamsburg medical staff requested a follow up with the orthopedic consultant, and on July 11, 2012, plaintiff received an x-ray of his hand.  Id.  Plaintiff met in person with Dr. Woodbury two days later.  Id.  The orthopedist recommended that he see a hand specialist or receive arthrodesis, i.e., joint fusion

---

[1] Although in county jail at the time, plaintiff claims he was under the supervision of federal agents, while defendant asserts that the Federal Bureau of Prisons (BOP) did not have custody at the time of the injury, first surgery, or immediate post-surgical care. Compare Compl. 1, 8 with Loranth Decl. ¶ 3.  This dispute does not pertain to Dr. Loranth's treatment during Lee's incarceration at FCI Williamsburg and therefore does not present a genuine issue of material fact that would preclude summary judgment.

surgery.  Id.  Plaintiff was not interested in the surgery but obtained approval to see a hand specialist in February of 2013.  Id.  As of May 6, 2013, plaintiff states he has not seen a hand specialist.  Pl.'s Obj. 3.

According to defendant, plaintiff has no serious medical need, no physician has mandated a certain treatment for plaintiff, and no existing condition exists that a lay person could easily recognize as requiring a doctor's attention.  Loranth Decl. ¶ 12.  Defendant denies allegations that he interfered with plaintiff's constitutional rights by ignoring his medical needs and asserts that plaintiff received adequate medical care in regards to his left index finger.  Id. at ¶ 14.  Defendant states he never examined plaintiff but has reviewed and signed his clinical encounter notes.  Id.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which specific, written objections are made, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report.  28 U.S.C. § 636(b)(1).  The magistrate judge's recommendation does not carry presumptive weight, and it is the responsibility of this court to make a final determination.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  A party's failure to object may be treated as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Federal courts are charged with liberally construing complaints filed by pro se litigants.  See Haines v. Kerner, 404 U.S. 519, 521 (1972).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim, nor does it mean the court can assume the

existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Where a party "fails to make a showing sufficient to establish the existence of an element essential to his case," Rule 56(a) mandates entry of summary judgment against that party.  Celotex v. Catrett, 477 U.S. 317, 322 (1986).  In deciding whether there is a genuine issue of material fact, the evidence is viewed in the light most favorable to the non-moving party with all justifiable inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## III.  DISCUSSION

Plaintiff makes two objections to the magistrate judge's R&R:  (1) plaintiff objects to the conclusion that defendant did not act with deliberate indifference to plaintiff's medical needs; and (2) plaintiff objects to the magistrate judge's finding that qualified immunity shields defendant from liability.

### A.  Deliberate Indifference to Medical Needs

The Fourth Circuit has recognized that "an inmate, with his conviction, forfeits or has circumscribed many rights and privileges afforded to other persons." United States v. Gore, 592 F.3d 489, 493-94 (4th Cir. 2010).  This forfeiture is not absolute; prisoners inherently maintain their Eighth Amendment right to remain free from cruel and unusual punishment.  Id.  A prison employee who shows a "deliberate indifference to [the] serious medical needs" of a prisoner violates that prisoner's constitutional right to remain free from "the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97,

103 (1976) (citing Gregg v. Georgia, 428 U.S. 153 (1976)). In order to establish a "deliberate indifference" to medical needs, plaintiff must demonstrate that defendant's treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Furthermore, "an inadvertent failure to provide adequate medical care" does not meet the standard required to claim an Eighth Amendment violation, nor does "mere negligence or malpractice." Estelle, 429 U.S. at 105-06.

"Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). Prison officials implement the type and amount of medical treatment at their discretion. See Allah v. Hayman, 442 F. App'x 632, 635 (3d Cir. 2011) (holding that deliberate indifference standard "requires much more" than taking issue with the "amount and kind of medical care" an inmate received); Johnson v. Doughty, 433 F.3d 1001 (7th Cir. 2006) (finding that a prison doctor who prescribed non-surgical means of treating an inmate's hernia was not deliberately indifferent to the inmate's medical needs where the doctor formed a professional opinion, other doctors agreed, and the inmate continued to have associated abdominal pain); Faison v. Rosado, 129 F. App'x 490, 492 (11th Cir. 2005) (noting that although a prisoner "might not agree with the method of treatment provided, matters of medical judgment do not give rise to a § 1983 claim").

Plaintiff takes issue with Dr. Loranth not personally examining his finger and with the orthopedist only recommending joint fusion surgery. Pl.'s Obj. 2. However, plaintiff fails to make a showing of deliberate indifference to medical needs. He has received

numerous exams by medical personnel staff, exams by orthopedists, and x-rays. R&R 8. Although Dr. Loranth has not personally examined plaintiff, he referred plaintiff to an orthopedist on June 23, 2009 and July 13, 2012. Loranth Decl. ¶ 12. Neither Dr. Woodbury nor the orthopedic surgeon who removed the screws in Lee's hand found that he required surgery in the manner he desires, nor that he needed physical therapy. Id. Based on these informed opinions, defendant and his medical staff denied plaintiff surgery and physical therapy.

Under Johnson, no deliberate indifference can be shown where defendant formed a professional opinion that plaintiff does not need surgery, especially when multiple doctors concurred. 433 F.3d at 1014-16. Moreover, under Allah, the court cannot hold defendant liable where he offered joint fusion surgery and plaintiff simply disagreed with the appropriate treatment. 442 F. App'x at 635. Finally, Dr. Loranth's failure to personally examine plaintiff could at most amount to negligence, which is not actionable under § 1983. See Faison, 129 F. App'x at 492.

For these reasons, plaintiff has failed to establish a violation of his constitutional rights.

### B. Qualified Immunity

The doctrine of qualified immunity protects government officials from liability where the official's conduct does not violate a "clearly established" constitutional right. Evans v. Chalmers, 703 F.3d 636, 646 (4th Cir. 2012) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

Plaintiff objects to the magistrate judge's conclusion that defendant is entitled to qualified immunity. Plaintiff claims that the United States Supreme Court recently held

in <u>Millbrook v. United States</u>, 133 S. Ct. 1441 (2013), that qualified immunity does not shield BOP employees from suit and only protects "law enforcement officials [e]ngaged in searches, seizures and arrests." Pl.'s Obj. 3. However, the Court's recent ruling in <u>Millbrook</u> actually addressed the scope and application of the law enforcement proviso of the Federal Tort Claims Act and did not impact or involve any issue in the instant case. <u>Millbrook</u>, 133 S. Ct. at 1446.

Qualified immunity can shield BOP employees from suit. <u>See</u> <u>Williams v. Ozmint</u>, No. 11-6940, 2013 WL 1987231, at *3 (4th Cir. May 15, 2013) (holding qualified immunity protects prison wardens); <u>McCaster v. Clausen</u>, 684 F.3d 740 (8th Cir. 2012) (finding jailhouse nurse did not act with deliberate indifference and was entitled to qualified immunity); <u>LeMarbe v. Wisneski</u>, 266 F.3d 429 (6th Cir. 2001) (holding that a prison doctor is entitled to qualified immunity); <u>Williams v. Mehra</u>, 186 F.3d 685 (6th Cir. 1999) (holding prison psychiatrists were shielded by qualified immunity).

Because plaintiff fails to show that Dr. Loranth's conduct violated any clearly established rights, the court finds that qualified immunity applies.

## IV.  CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R and **GRANTS** defendant's motion for summary judgment.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 12, 2013**
**Charleston, South Carolina**